UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RALPH DUANE WRIGHT,

    Plaintiff,

v.

CAROLYN W COLVIN, Acting Commissioner of Social Security,

    Defendant.

CASE NO. 3:15-CV-05677-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Ralph Duane Wright filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for supplemental security income ("SSI") and disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the ALJ erred when he failed to provide specific and legitimate reasons supported by substantial evidence for giving partial weight to the medical opinions of Dr. Michael Martin and Dr. Timo Hakkarainen and little weight to the opinion of Dr. Mary Lemberg. Had the ALJ properly considered these three opinions, the residual functional capacity may have included additional limitations. The ALJ's

errors are therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On December 27, 2012, Plaintiff filed applications for SSI and disability insurance benefits, alleging disability as of September 23, 2005. *See* Dkt. 7, Administrative Record ("AR") 10. The applications were denied upon initial administrative review and on reconsideration. *See id.* A hearing was held before Administrative Law Judge ("ALJ") James W. Sherry on June 6, 2014. *See* AR 31-59. At the hearing, Plaintiff amended his alleged onset date to September 19, 2010. AR 36. In a decision dated June 30, 2014, the ALJ determined Plaintiff to be not disabled. *See* AR 10-25. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ committed harmful error by failing to give proper weight to the opinions of: (1) treating physician Dr. Michael Martin, M.D.; (2) examining physician Dr. Timo Hakkarainen, M.D.; and (3) examining psychiatrist Dr. Mary Lemberg, M.D. *See* Dkt. 9, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.       Whether the ALJ properly weighed the medical opinion evidence.**

Plaintiff contends the ALJ erred in his evaluation of the opinion evidence submitted by Dr. Michael Martin, Dr. Timo Hakkarainen, and Dr. Mary Lemberg. Dkt. 9, pp. 3-9.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.  Dr. Michael Martin

Plaintiff maintains the ALJ erred when he gave partial weight to the opinion of treating physician Dr. Michael Martin. Dkt. 9, pp. 3-4. In his treatment notes, Dr. Martin opined Plaintiff will not be able to have a job which requires him to operate heavy machinery, but can work in a light to sedentary type job "that allows him to move around frequently." AR 335. He found Plaintiff "will need to change positions frequently, alternating sitting, standing and walking." AR 335.

After discussing Dr. Martin's opinion, the ALJ found:

> [Dr. Martin] has a treating relationship with the claimant. [His] opinion regarding [Plaintiff's] ability to perform light level work

>activity is consistent with the overall medical evidence of record discussed above, including [his] treatment notes showing stable symptoms with medications. But [his] opinion that [Plaintiff] needs to frequently change positions is (1) unsupported by any evidence in the record and (2) undermined by his ability to engage in activities like studying Culinary Arts, which arguably requires prolonged standing, sitting, and walking. I give [Dr. Martin's] opinion partial weight.

AR 20- 21 (numbering added).[1]

First, the ALJ found Dr. Martin's opinion regarding Plaintiff's need to frequently change positions was unsupported by "any evidence in the record." AR 20-21. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit has stated:

>To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted).

The ALJ provided only a conclusory statement finding the evidence does not support Dr. Martin's opinion as to Plaintiff's need to change positions. The ALJ failed to identify any specific evidence contained within the "evidence in the record" which is inconsistent with Dr. Martin's opinion. Without more, the ALJ has failed to meet the level of specificity required to

---

[1] In his decision, the ALJ incorrectly credited Dr. Martin's opinion to Dr. Loren Betteridge, M.D. *See* AR 20, 335; *see also* Dkt. 9, p. 3, n. 2; Dkt. 10, p. 5, n. 2.

reject a physician's opinion. The ALJ's conclusory statement finding Dr. Martin's opinion "unsupported by any evidence in the record" is insufficient to reject his opinion. *See Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Second, the ALJ gave partial weight to Dr. Martin's opinion because Plaintiff's need to frequently change positions is undermined by Plaintiff's culinary arts studies. AR 21. The Court finds the record references culinary arts school twice. *See* AR 451, 454; Dkt. 9, pp. 3-4; Dkt. 10, p. 5. On June 30, 2011, Dr. Loren Betteridge, Plaintiff's treating physician, noted "Clover Park → school for culinary arts." AR 454. On September 12, 2011, Dr. Betteridge noted Plaintiff's home, school, and activities of daily living were stable. AR 451. Below "stable," Dr. Betteridge wrote "culinary arts." AR 451. When asked during the ALJ hearing about his education and training, Plaintiff testified he finished tenth grade and has specialty training in heavy equipment operation. AR 39-40. He did not state he attended culinary arts school.

There is a lack of substantial evidence showing Plaintiff attended culinary arts school. Further, the record is silent as to the physical requirements of any alleged studies. The ALJ states a culinary arts program would "arguably require[ ] prolonged standing, sitting, and walking." AR 21. However, there is no evidence to support the ALJ's conclusion. As substantial evidence does not support finding Plaintiff was enrolled in a culinary arts program and there is no evidence regarding the physical requirements of any such program, the ALJ's finding that Dr. Martin's

opinion is undermined by Plaintiff's alleged culinary arts studies is not specific and legitimate and supported by substantial evidence.

For the foregoing reasons, the Court concludes the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for giving partial weight to Dr. Martin's opinion. Accordingly, the ALJ erred. Defendant argues the error is harmless because the vocational expert, Ms. Long, provided two jobs Plaintiff could perform which allowed for changes in positions. Dkt. 10, p. 7.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, the vocational expert testified an individual with Plaintiff's residual functional capacity ("RFC") would be able to perform the jobs of: cleaner/housekeeping, inspector/hand packager, and cleaner/polisher. AR 24, 54. However, Plaintiff would be unable to perform the job requirements of inspector/hand packager and cleaner/polisher if the RFC required the individual to be able to move around frequently. AR 57-58. The vocational expert testified, if the RFC contained the need to move around frequently and a limitation of being unable to work with the public, all the identified jobs would be excluded. AR 57-58. Had the ALJ properly considered the opinion of Dr. Martin, he may have included additional limitations in the RFC

and in the hypothetical questions posed to the vocational expert resulting in Plaintiff being unable to perform the three identified jobs. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

   B.  Dr. Timo Hakkarainen

Plaintiff contends the ALJ erred when he gave partial weight to examining physician Dr. Timo Hakkarainen. Dkt. 9, pp. 5-6. Dr. Hakkarainen completed a physical assessment of Plaintiff on February 28, 2013. AR 458-62. He opined Plaintiff can stand and walk four to six hours and sit two to four hours in an eight-hour day. AR 461. Dr. Hakkarainen found Plaintiff can lift and carry twenty pounds occasionally and ten pounds frequently, and is limited to two to four hours of climbing stairs and ladders, stooping, kneeling, crouching, and crawling. AR 461. He found Plaintiff is not limited in balancing, manipulative activities, or workplace environment activities. AR 461.

   The ALJ discussed Dr. Hakkarainen's opinion, giving it partial weight and finding:

> His opinion regarding the claimant's physical limitations is generally consistent with the overall medical evidence of record above including his examination findings. However, his opinion regarding the claimant's standing/walking limitations is (1) not supported by objective findings at his examination and (2) further contradicted by his active personal life. For example, his ability to perform basic household chores and study Culinary Arts shows a much higher level of tolerance to standing and walking than four hours in an eight-hour workday.

AR 21 (numbering added).

   First, as with Dr. Martin, the ALJ gave partial weight to Dr. Hakkarainen's opinion because the "objective findings" during Plaintiff's examination did not support the standing/walking limitation. AR 21. The ALJ failed to identify any specific evidence contained within the "objective findings" which is inconsistent with Dr. Hakkarainen's opinion. Without

more, the ALJ has failed to meet the level of specificity required to reject this opinion. *See Embrey*, 849 F.2d at 421-22; *McAllister*, 888 F.2d at 602.

Second, the ALJ gives partial weight to Dr. Hakkarainen's opinion because Plaintiff's ability to perform basic household chores and study culinary arts shows a higher ability to stand/walk than Dr. Hakkarainen opined. AR 21. Dr. Hakkaranien's notes show Plaintiff is able to help with some basic chores, including doing dishes, folding laundry, and taking out very small bags of trash. AR 458. Plaintiff denied vacuuming, sweeping, dusting or picking up laundry, but reported he can bathe independently and grocery shop with a cart. AR 458-59. Plaintiff also told an examining psychiatrist, Dr. Mary Lemberg, he makes sandwiches, goes to the store twice a month, and bathes himself approximately every four days; however, he does not do chores or clean. AR 468. Regarding schooling, the record is silent as to the physical and mental demands of any culinary arts program in which Plaintiff may be enrolled.

The record fails to show Plaintiff performs household chores which require him to stand and/or walk for more than four to six hours in a day. Additionally, there is no evidence Plaintiff's alleged culinary studies require him to stand and/or walk for more than four to six hours a day. The Court finds the record does not support the ALJ's findings and, without a more adequate explanation from the ALJ, the Court cannot determine if the alleged inconsistency between Dr. Hakkarainen's finding regarding Plaintiff's standing/walking limitations and his "active personal life" is a valid reason to discredit the opinion. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

The ALJ failed to give specific and legitimate reasons supported by substantial evidence for giving partial weight to Dr. Hakkarainen's opinion. Accordingly, the ALJ erred.

The RFC limits Plaintiff to standing and/or walking for six hours in an eight-hour day. AR 14. Had the ALJ properly considered Dr. Hakkarainen's opinion, the RFC and hypothetical questions posed to the vocational expert may have limited Plaintiff to standing and/or walking for four to six hours in an eight-hour day. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal. *See Molina*, 674 F.3d at 1115.

C.  <u>Dr. Mary Lemberg</u>

Plaintiff also alleges the ALJ erred in giving little weight to the opinion of examining psychiatrist Dr. Mary Lemberg. Dkt. 9, pp. 6-9. After completing a comprehensive psychiatric evaluation of Plaintiff on March 1, 2013, Dr. Lemberg opined Plaintiff does not have the ability to perform simple and repetitive tasks, and cannot appropriately adapt to new environments. AR 469, 463-70. She found Plaintiff cannot perform work activities on a consistent basis without significant and problematic interruptions from his psychiatric conditions, and will have great difficulty accepting instructions from supervisors and interacting with co-workers and the public. AR 469. Dr. Lemberg anticipates Plaintiff will have immense difficulty dealing with the usual stress encountered in a work environment. AR 469.

After discussing Dr. Lemberg's findings, the ALJ gave three reasons for giving little weight to the opinion. AR 21. The ALJ found Dr. Lemberg's

> opinion regarding [Plaintiff's] inability to perform work activities consistently and tolerate workplace stressors is inconsistent with the (1) overall medical evidence of record. (2) As discussed above, he presented as significantly more impaired during her examination when compared with his presentation and statements during the consultative physical examination. Also, although he claimed that medications had not helped in the past, his primary care provider notes show him as consistently exhibiting stable

>mental health symptoms. (3) Also, his ability to tolerate the mental demands of studying at Clover Park Technical College shows a higher level of functioning than reflected in the doctor's opinion.

AR 21 (numbering added).

First, the ALJ gave little weight to Dr. Lemberg's opinion because it was inconsistent with the overall medical evidence of record. A conclusory statement finding an opinion is inconsistent with the overall record is insufficient to reject the opinion. *See Embrey*, 849 F.2d at 421-22. The ALJ failed to identify any specific evidence contained within the "evidence in the record" which is inconsistent with Dr. Lemberg's opinion. Without more, the ALJ has failed to meet the level of specificity required, and the ALJ's conclusory statement finding Dr. Lemberg's opinion is inconsistent with "the overall medical evidence of record" is insufficient to reject her opinion. *See McAllister*, 888 F.2d at 602.

Second, the ALJ found Dr. Lemberg's opinion was inconsistent with Plaintiff's previous presentation and statements. AR 21. The ALJ gave little weight to Dr. Lemberg's opinion because Plaintiff's presentation during the mental examination was inconsistent with his presentation during his physical examination with Dr. Hakkarainen. AR 21.[2] During Plaintiff's psychiatric evaluation, Dr. Lemberg observed Plaintiff's gait was slowed and his grooming was malodorous. AR 466. Dr. Hakkarainen observed Plaintiff had a normal gait and appropriate grooming during the physical examination. AR 459-60. While there are differences in the doctors' observations, the ALJ fails to explain why Dr. Hakkarainen's observations are more credible than Dr. Lemberg's observations. *See* AR 21. Without an explanation as to why Dr. Lemberg's observations are not credible, the Court cannot determine if the ALJ's reasoning is

---

[2] In his discussion of Dr. Lemberg's opinion, the ALJ does not specify the inconsistencies in Plaintiff's presentation and statements during the examinations. *See* AR 21. However, in his discussion of Plaintiff's credibility, the ALJ noted inconsistencies between Plaintiff's grooming, gait, and reports of household chores. AR 20.

specific and legitimate and supported by substantial evidence. *See Garrison*, 759 F.3d at 1012-13 (an ALJ errs when he rejects a medical opinion or assigns it little weight when asserting without explanation another medical opinion is more persuasive); *Blakes*, 331 F.3d at 569.

The ALJ also found Plaintiff reported differing levels of daily activities during the mental and physical examinations and his statement to Dr. Lemberg that his medications had not helped in the past were inconsistent with treating notes which noted he exhibited stable mental health symptoms. AR 21. During his examination with Dr. Hakkarainen, Plaintiff reported performing some basic household chores and bathing independently. AR 458. Plaintiff told Dr. Lemberg he bathes every four days and does not perform household chores. AR 468. He also reported to Dr. Lemberg his depression had not improved despite taking several antidepressants. AR 464.

An ALJ may reject a physician's opinion" if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan*, 528 F.3d at 1199-1200).

Dr. Lemberg based her opinion on an interview with Plaintiff, a mental status exam, a review of portions of Plaintiff's medical records, and her general observations of Plaintiff. *See* AR 463-70. Dr. Lemberg did not base her opinion on Plaintiff's self-reports alone. Plaintiff's statements regarding his ability to perform household chores and the ineffectiveness of his

medications are not sufficient to discredit Dr. Lemberg's opinion because Dr. Lemberg did not discredit Plaintiff's statements and supported her opinion with her own observations. *See Ryan*, 528 F.3d at 1199-1200 ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Thus, the ALJ's second reason for giving little weight to Dr. Lemberg's opinion is not specific and legitimate and supported by substantial evidence.

Third, the ALJ gave little weight to Dr. Lemberg's opinion because the mental demands of studying at Clover Park Technical College show a higher level of functioning than Dr. Lemberg opined. AR 21. As discussed above, the evidence of record does not contain any information regarding the mental demands of any studying at any technical college and is specifically void of any reference to Plaintiff's alleged culinary arts studies. Accordingly, this is not a specific, legitimate reason supported by substantial evidence for giving little weight to Dr. Lemberg's opinion.

The Court concludes the reasons provided by the ALJ for giving little weight to Dr. Lemberg's opinion are not specific and legitimate and supported by substantial evidence. Therefore, the ALJ erred. Had the ALJ properly considered Dr. Lemberg's opinion, the RFC and hypothetical questions posed to the vocational expert may have included additional limitations, such as limitations performing simple, repetitive tasks and attending work on a consistent basis. *See* AR 15, 469. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal. *See Molina*, 674 F.3d at 1115.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 19th day of February, 2016.

*David W. Christel*
United States Magistrate Judge